## EDWIN W. MOSHER V. LEONARD NEFF ET AL.

[FILED JANUARY 20, 1892.]

**Husband and Wife:** ACTION TO SET ASIDE DEED. One N. purchased certain lands with money belonging to his wife and took the deed therefor in his own name. Soon afterwards he signed a note as surety in order that the principal might obtain an extension of time of payment. After the note became due judgment was recovered thereon and a transcript thereof filed in the proper court to become a lien on the land and an execution was thereupon issued and levied thereon. After the recovery of the judgment, but before the sale thereof, N. conveyed the land in question to a trustee who conveyed to his wife, who brought an action to establish her rights therein. The court below having found in favor of the wife, *held*, that the judgment was right, and is affirmed.

APPEAL from the district court for York county. Heard below before NORVAL, J.

*Sedgwick & Power,* for appellant, cited: *Roy v. McPherson,* 11 Neb., 198; *Aultman v. Obermeyer,* 6 Id., 260; *Hoagland v. Wilson,* 15 Id., 320; *Thompson v. Loenig,* 13 Id., 387; *Atkins v. Atkins,* 18 Id., 476; *Fisher v. Herron,* 22 Neb., 185; *Bogart v. Fisher,* Id.; *Bartlett v. Cheesbrough,* 23 Id., 771; *Grimes v. Sherman,* 25 Id., 848.

*R. S. Norval, contra.*

MAXWELL, CH. J.

This was an action in equity in the district court of York county to set aside deeds of forty acres of land from the defendant Leonard Neff to one Dally, and from Dally to the defendant Lydia Neff, who is the wife of Leonard Neff. Judgment in the district court was rendered in favor of the defendants, from which the plaintiff appeals to this court. After the defendants had answered, the

plaintiff filed an amended petition and also an amended reply. The original bill of exceptions is attached to the record, which contains all of the evidence offered on the trial of the cause.

The evidence shows that about nine years before the trial of this cause the defendants Leonard Neff and Lydia Neff, who were husband and wife, and who were then and have ever since been living together as such, came to Seward county from Illinois and soon after purchased a homestead of 160 acres of land in Seward county, upon which they have resided since 1881 or 1882. According to the defendant's evidence this homestead was bought by both parties, some payments being made by one and some by the other. In 1879 one Dewey had a contract from the railroad company for the purchase of eighty acres of land in York county, which included the forty acres in question, and the defendant Leonard Neff bought the contract of Dewey and took an assignment directly to himself. (He says that he had some of his wife's money to invest and wanted Dewey to make the assignment to her instead of himself, but this was not done.) On the 5th day of June, 1883, the railroad company deeded the land to the defendant Leonard Neff, and the deed was recorded August 4, 1884.

On the 20th day of December, 1883, one Henry W. Brooks, who is a son-in-law of these defendants, was indebted to one Wm. A. Sharrar upon two promissory notes which were past due, and to obtain an extension of time of payment procured the defendant Leonard Neff, to sign said notes with him, and time of payment was extended to the 1st day of February, 1884. On March 4, 1884, action was brought in the county court of Seward county on said notes against Brooks and the defendant Leonard Neff, The summons was served on both defendants March 26. 1884, the case was continued from time to time, and the issues made up and finally tried August 12, 1884, and

judgment for plaintiff for $280; a transcript of this judg-
mens was duly docketed in the district court of York
county on the 14th day of August, 1884.

Execution was issued to the sheriff of York county and
levied upon the forty acres in question and the same was
sold by the sheriff on February 18, 1885; the sale was
duly examined and confirmed by the court and deed
ordered; the deed was executed by the sheriff to William
A. Sharrar and this plaintiff claims through him. While
the action was pending in the county court of Seward
county, the defendant Leonard Neff deeded the land in
question, together with the homestead in Seward county,
to one Dally who on the same day deeded the same to the
defendant Lydia Neff. The defendant Lydia Neff an-
swers that the land in question was bought with her money
and is her land; the plaintiff in his amended reply alleges
that the money which bought the land was Mr. Neff's and
that Lydia Neff is now estopped to claim the land as
against creditors whose claims originated while the land
purported to be the property of Leonard Neff, or who
trusted Mr. Neff on the faith and credit of this land.

The record clearly shows that the debt upon which the
judgment was recovered was not contracted by Mr. Neff,
nor in reliance upon his being the owner of the property
in dispute. The debt was that of a son-in-law, Brooks by
name, and although the extension of the time of payment
would be a sufficient consideration to hold the surety liable,
yet there is no claim that the plaintiff lost any opportunity
or advantage in the collection of his claim from Brooks by
extending the time of payment. So far as we can judge
the debt could not at any time have been collected from
Brooks.

On the trial of the cause the court below found the is-
sues in favor of Mrs. Neff and rendered a decree accord-
ingly. The testimony clearly shows that the money that
paid for the land in controversy belonged to Mrs. Neff

and that she was in fact the owner of the land in dispute.
It is unnecessary to review the testimony at length.    The
judgment is right and is

AFFIRMED.

POST, J., concurs.

NORVAL, J., took no part in the decision.